## GENERAL ELECTRIC CO. v. SAGE CORPORATION, et al.
No. 76-2105-CA(L)01-A.
Circuit Court, Palm Beach County.
December 20, 1977, nunc pro tunc December 13, 1977.

James D. Brown, Jr., Coral Gables, for the plaintiff.

Anthony E. Pucillo of Jones, Paine & Foster, West Palm Beach, for Fidelity and Deposit Company of Maryland.

TIMOTHY P. POULTON, Circuit Judge.

This matter was heard on December 13, 1977 upon the "emergency motion for stay of execution" served the same date. Present were James D. Brown, Esquire, for the plaintiff and Anthony Pucillo, Esquire, attorney for Fidelity and Deposit Company of Maryland.

Argument of the case revealed that Fidelity filed a surety bond herein, docket number 21. It claims that the final judgment, docket number 48, which entered judgment against it was entered without notice to it, and, in fact, no notice to it was made of the fact of its entry after it was entered. It complains that its first notice of the judgment was yesterday, that is December 12, 1977, when the sheriff of Dade County began to levy upon its office furniture. That was sufficient to prompt it to file this emergency motion.

From the representations made by the Fidelity and Deposit Company of Maryland, it appears that it received no notice of the final judgment against it from its principal, the plaintiff, the court, or any other source. Today, it asks for an extension of time of nine days in which to consider the matter. It points out that if it had received prompt notice of the entry of the final judgment, it would have had ten days to consider either paying the plaintiff or taking an appeal. The plaintiff resisted the entry of such an order — at least to the extent that it opposes any stay unless it could be assured that there would be a voluntary payment within the next few days.

The plaintiff relies primarily upon *Are v. Barnett Bank of Miami Beach*, 330 S.2d 250 (3rd DCA 1976). As this judge reads that case, it does stand for the proposition that the surety was not entitled to formal notice of any proceedings up to the entry of the final judgment. I hold the view that at that point the surety had ceased to be a "quasi party" as discussed in the *Barnett Bank* case, but in fact had then become a real party since it was then subject to the execution process of the court. Not only did the company's principal owe it a duty to notify it of the judgment having been entered but also the plaintiff *and the court* owed that duty.

It is for that reason that the motion is granted to the extent that execution herein is stayed for nine days.